# EXHIBIT B

# NOTICE OF WAGE DISPUTE SETTLEMENT

**To:** Potential participants in the settlement of the lawsuit titled *Shelton v. Imperial Distributors, Inc.*, Case No. 1:13-cv-00150 who work or worked at Imperial Distributors, Inc. as Sales Service Representatives

**Date:** [Insert Date]

---

**WHAT IS THIS ABOUT?** This Notice of Wage Dispute Settlement (the "Notice") is about a lawsuit alleging that Imperial Distributors, Inc. ("Imperial") violated the Fair Labor Standards Act (the "FLSA") by failing to pay Sales Service Representatives ("SSRs") overtime wages for hours worked over forty during a workweek. You are receiving this Notice because you may be eligible to participate in the settlement of this lawsuit.

**WHAT IS THE LAWSUIT?** On May 7, 2013, a lawsuit was filed in the United States District Court for the Eastern District of Tennessee against Imperial on behalf of Daniel Shelton (the "Named Plaintiff") and other present and former employees of Imperial who have worked as SSRs. This lawsuit alleges that Imperial violated the FLSA by failing to pay SSRs overtime wages at a rate of one and a half times their regular rate of pay for all hours worked over forty (40) during a workweek. Imperial has denied any wrongdoing and contends that there has been no violation of the FLSA because its SSRs are exempt employees under the FLSA who are therefore not entitled to overtime wages. To resolve the dispute, the parties have agreed to settle the lawsuit, and you may be eligible to participate in such settlement.

**WHO IS ELIGIBLE TO PARTICIPATE IN THIS SETTLEMENT?** All current and former employees of Imperial who were employed by Imperial as regular, full-time SSRs for at least one full workweek during the period from October 2, 2010 through October 1, 2013 (the "Three-Year Period"), are entitled to participate in this settlement. Eligible SSRs who timely elect to participate in this settlement are referred to in this Notice as the "Settlement Class Members."

**HOW DO I PARTICIPATE IN THIS SETTLEMENT?** To participate in the settlement of this lawsuit, you must fill out and return the enclosed Notice of Consent form by no later than **[INSERT DATE – *forty-five (45) days following the date on which the Notice and Notice of Consent Forms are mailed out*]**. You will not be allowed to participate in this settlement after that date. If you participate in the settlement, you agree to release Imperial from the legal claims described in the enclosed Notice of Consent form. Participation in this settlement is voluntary. You are not required to participate.

**HOW MUCH MONEY WILL I RECEIVE IF I PARTICIPATE?** Imperial has agreed to pay a total of $275,000 to the Settlement Class Members (the "Award Fund"). This Award Fund will be distributed to the Settlement Class Members in accordance with a formula that is based on the parties' negotiated agreement to (i) credit each Settlement Class Member with 172 overtime hours (or, for those SSRs who worked less than three years during the Three-Year Period, a pro-rated number of overtime hours based on their tenure during the Three-Year Period (the "Pro-Rated Overtime Hours"), (ii) pay overtime at half-time (while calculating a Settlement

Class Member's overtime rate assuming a 40-hour workweek), and (iii) double a Settlement Class Member's award for liquidated damages.

In determining each Settlement Class Member's recovery award, the parties will begin with the Settlement Class Member's average weekly pay (salary plus commission), and divide that amount by 40 to determine the Settlement Class Member's hourly rate. The parties will then divide the hourly rate in half to determine the Settlement Class Member's overtime premium. The Settlement Class Member's overtime premium will then be multiplied by 172 or the Settlement Class Member's Pro-Rated Overtime Hours, as applicable, generating the Settlement Class Member's presumed back pay amount. This presumed back pay amount will then be doubled to reflect liquidated damages, resulting in the Settlement Class Member's presumptive award.

EXAMPLE 1: The presumptive award of a Settlement Class Member who worked as an SSR all three years during the Three-Year Period and whose average weekly pay was $600 per week would be calculated as follows: $600 per week ÷ 40 hours per week = $15 hourly rate. $15 ÷ 2 = $7.50 per hour overtime premium. $7.50 per hour * 172 overtime hours = $1,290. $1,290 * 2 (liquidated damages) = $2,580 presumptive award for the Settlement Class Member.

EXAMPLE 2: The presumptive award of a Settlement Class Member who worked as an SSR for only 1 ½ years during the Three-Year Period and whose average weekly pay was $600 per week would be calculated as follows: $600 per week ÷ 40 hours per week = $15 hourly rate. $15 ÷ 2 = $7.50 per hour overtime premium rate. $7.50 per hour * 86 Pro-Rated Overtime Hours = $645. $645 * 2 (liquidated damages) = $1,290 presumptive award for the Settlement Class Member.

Notwithstanding the foregoing, the total sum of all of the Settlement Class Members' recovery awards is subject to a $275,000 limit, and each Settlement Class Member's recovery award will be proportionately reduced below the presumptive award amount if the limit is exceeded due to the number of Settlement Class Members and their presumptive award amounts. In the event all of the Settlement Class Members' presumptive awards do not total at least $275,000, each Settlement Class Member's recovery award will be proportionally increased above the presumptive award amount until the limit has been reached, so that the entire $275,000 Award Fund will be paid out to the Settlement Class Members.

The Named Plaintiff will also receive – in addition to the recovery award that he is eligible to receive pursuant to the above formula – an incentive payment of $1,500. Such incentive payment will be paid out of the Award Fund in recognition of the services the Named Plaintiff provided in organizing the lawsuit and representing the interests of the Settlement Class Members.

All payments to Settlement Class Members will constitute wages subject to all tax and other withholdings that Imperial deducts as required by law and in accordance with any W-4s on file.

**WHO WILL BE MY ATTORNEY IF I PARTICIPATE?** If you participate in this settlement, you will be represented by the attorneys for the Settlement Class Members, who are:

R. Scott Jackson, Jr.  
Attorney at Law  
4525 Harding Road, Suite 200  
Nashville, TN 37205  
615-313-8188

John R. McCown  
Warren & Griffin, P.C.  
513 Benjamin Way, Suite 208  
Dalton, GA 30721  
423-265-4878

**WHO WILL PAY THE ATTORNEYS' FEES OF THE SETTLEMENT CLASS MEMBERS?** The parties have agreed that the Settlement Class Members' attorneys' fees will be paid from a separate allocation and will not be deducted from the Award Fund. Imperial will pay to the Settlement Class Members' attorneys the sum of $110,000.

**WHO CAN I CONTACT FOR MORE INFORMATION?** If you have questions please contact the lead counsel for the Settlement Class Members: R. Scott Jackson, Jr., 4525 Harding Road, Suite 200, Nashville, TN, 37205, 615-313-8188.

**WHAT IF I CHOOSE NOT TO PARTICIPATE IN THIS SETTLEMENT?** If you choose not to participate in this settlement, you will not be bound by the settlement and will not have waived any wage claims you may have.

**WILL IMPERIAL RETALIATE AGAINST ME FOR PARTICIPATING IN THIS SETTLEMENT?** No. Federal law prohibits Imperial from discharging or in any other manner discriminating against employees for participating in a settlement of FLSA claims.