# EXHIBIT D

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| DANIEL SHELTON, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No: 1:13-cv-00150 ) |
| vs. | ) Judge: Mattice/Lee ) ) |
| IMPERIAL DISTRIBUTORS, INC., | ) ) |
| Defendant. | ) |

## DECLARATION OF R. SCOTT JACKSON, JR.

1. I am R. Scott Jackson, Jr., and I have personal knowledge of the facts set forth in this Declaration.

2. I have been practicing law for almost 24 years. I am licensed to practice in both Tennessee and Georgia. I have extensive jury trial and bench trial experience.

3. I have devoted a large portion of my practice over the years to federal wage and hour law, including lawsuits to recover overtime back pay under Section 216(b) of the Fair Labor Standards Act (FLSA). I have represented plaintiffs in over 100 FLSA cases of many different types, including numerous collective actions in which I have represented large numbers of plaintiffs. I have obtained notable results in such cases that include large judgments awarded by U.S. District Courts. See, Cowan v. Treetop Enterprises, 163 F. Supp. 3d 930 (M.D. Tenn. 2001) (obtained summary judgment on liability and judgment after bench trial on damages of approximately $3 million on behalf of 125 Waffle House unit managers in executive exemption case); Wilson v. Guardian Angel Nursing, Inc., 2008 U.S. Dist. LEXIS 59623 (M.D. Tenn. 2008), and Final Judgment, case #3-07-cv-00069, document 543 (obtained summary judgment on liability and approximately $3.5 million

judgment on behalf of 287 nurses in alleged independent contractor case). In my opinion, my experience and past results in FLSA cases is a factor in and increases the likelihood of obtaining fair and reasonable settlements on behalf of FLSA plaintiffs.

4. The attorneys for the parties vigorously negotiated at arms length the proposed settlement in this case, including an in-person negotiation. In negotiating the proposed settlement in this case with Defendant's counsel, we first negotiated what I believed to be a fair and reasonable award fund to be paid to the settlement class. Only after doing so did we then negotiate the attorneys' fee to be paid from a separate allocation. After negotiating the award fund and attorneys' fee amounts, we then negotiated the incentive payment to be paid to the named plaintiff. The named plaintiff then approved the proposed settlement, and is satisfied with the results obtained.

5. In my opinion, based on my experience with FLSA cases and the information provided by the named plaintiff and Defendant during the negotiation process, the proposed settlement in this case is fair and reasonable. Although I am confident in the merits of the lawsuit, Defendant has raised bona fide questions regarding whether the Sales Service Representatives (SSRs) are exempt from the overtime provisions of the FLSA pursuant to the outside sales exemption; whether the SSRs who would receive notice are similarly situated for purposes of determining liability and damages on a class wide basis; the good faith defense to liquidated damages; and whether the potential class would be entitled to the extended three-year statute of limitations for willful violations. If the case is not settled, litigating these issues will be a lengthy process and recovery of damages for the SSRs on a class wide basis will be uncertain.

6. The proposed settlement provides a substantial benefit for those SSRs who choose to opt into the lawsuit and participate. The settlement allows for liquidated damages and an extended three-year statute of limitations. The $275,000 award fund assumes that approximately 32% of the

2

potential settlement class of 330 SSRs will opt in and participate. Based on my experience with collective actions and the opt-in percentages in other cases I have handled, an opt-in rate of 10%-25% is more common, and an opt-in rate of over 30% is the exception. The amount of the Award Fund also is based on an assumption that all plaintiffs who participate in the settlement were employed for a full three years, which undoubtedly will not be the case. Accordingly, I think it is likely that those who opt in and participate in the settlement will receive an enhancement of the presumptive award and an actual award that will be higher than the presumptive award. The manner of calculating the overtime rate by dividing weekly compensation by 40 rather than all hours worked also provides the plaintiffs with a higher overtime rate than they would be entitled to if the case were successfully litigated. Finally, those who choose not to participate in the settlement are not bound by it and are free to pursue their claims individually. All of these factors described above support my opinion that the settlement is fair and reasonable.

7. Plaintiffs' counsel is representing the Plaintiff in this case pursuant to a contingency fee agreement that provides for a fee of 40% of any amount recovered. I have utilized and recovered fees pursuant such an agreement in over 100 FLSA cases over the years, including large collective actions. The total amount that would be recovered in the proposed settlement (the Common Fund) is $385,000. The proposed attorneys' fee of $110,000 is only approximately 28.5% of the Common Fund recovery, which is substantially lower than the percentage allowed by the fee agreement. This percentage is well within the range of contingency fee percentages approved by courts in FLSA cases, and is reasonable. The proposed attorneys' fee would also be paid by Defendant from a separate allocation, not from the Award Fund.

8. The proposed attorneys' fee covers my work, the work of my co-counsel, and administrative work of staff. In the present case, Plaintiff's counsel undertook the representation of a

3

potentially large group of plaintiffs with no assurance at the outset that we would ultimately be compensated, and with the additional risk of advancing thousands of dollars in expenses. Plaintiff's counsel has spent considerable time and effort in investigating the factual basis of the lawsuit and researching the legal issues, filing the lawsuit, preparing the motion for court-supervised notice and extensively briefing the notice issue, negotiating the proposed settlement, and preparing the motion for approval with supporting proof, memorandum, notice, consent, settlement agreement, and proposed orders. Furthermore, even though the proposed settlement would be achieved at the early stages of litigation, the settlement will require Plaintiff's counsel to spend substantial additional time in monitoring the notice process; responding to inquiries about the settlement from the Potential Settlement Class and Settlement Class Members; receiving, reviewing, and filing Consents in a timely fashion; following up and correcting any improperly completed Consents; and ensuring that Settlement Class Members receive the appropriate recoveries provided for in the Agreement. Plaintiffs' counsel will have to review a large number of documents provided by Defendant to ensure the accuracy of the number of recoverable workweeks, average weekly pay, and overtime premium calculations of each Settlement Class Member. Plaintiffs' counsel will take on the representation of and responsibility for a large number of Settlement Class Members who opt into the lawsuit.

9. The named Plaintiff in this case provided valuable information and leadership in achieving the proposed settlement, which would not have been possible without his efforts. Accordingly, in my opinion the $1,500 incentive payment is reasonable and fair.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of October, 2013.

_____
R. Scott Jackson, Jr.

4