# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DANIEL SHELTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IMPERIAL DISTRIBUTORS, INC.,<br><br>Defendant. | Case No.: 1:13-cv-00150<br><br>Judge: Mattice/Lee |

## DECLARATION OF RUSSELL W. GRAY

I, Russell W. Gray, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am counsel for Imperial Distributors, Inc. ("Imperial") in the above-captioned matter. I have personal knowledge of the facts set forth in this Declaration.

2. I am submitting this Declaration in connection with the parties' Joint Motion for Settlement Agreement.

3. Settlement of this litigation was achieved only after counsel for the parties negotiated vigorously for their clients over multiple discussions, including an in-person negotiation. In reaching a settlement, the parties took steps to ensure that the settlement negotiations were at arm's length.

4. Before negotiating any other items of the settlement, the parties first negotiated the damages award that would be paid to the potential settlement class members.

5. Only after agreeing on the damages award for the potential settlement class members did the parties negotiate the amount Imperial would pay for Plaintiff's attorneys' fees.

6. It was also only after the parties agreed on the damages award and Plaintiff's attorneys' fees that they negotiated the additional $1,500 incentive payment that would be paid to the named Plaintiff.

7. Imperial vigorously disputes a number of issues in the above-captioned matter, including, among other things, whether its Sales Service Representatives ("SSRs") were properly classified as exempt employees, whether they in fact worked any overtime hours, whether class certification would even be appropriate given the many different types of accounts to which Imperial's SSRs were assigned throughout different states, whether the SSRs are entitled to an extended three-year statute of limitations, and whether the SSRs are entitled to liquidated damages.

8. Prior to reaching this settlement, Imperial's counsel shared with Plaintiff's counsel information Imperial learned from undertaking informal discovery, including the fact that interviews from a sampling of SSRs from different states and Imperial accounts – including two of the named Plaintiff's counterparts who are also SSRs for the Bi-Lo account – revealed that they do not work any overtime hours.

9. Imperial believes that the proposed settlement is fair, reasonable, and adequate.

10. The parties' estimation that approximately one-third of the potential class members will opt-into this case and participate in the settlement is more than reasonable based on my experience in collective actions under the FLSA. I have served as defense counsel in at least five FLSA collective actions over the past 10 years that have involved settlements being announced to potential class members. Of those cases, the following approximate percentages of eligible potential class members opted into the suit and settlement: 8.5%, 18%, 33%, 15%, and 1%.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on October 1, 2013.

                        /s/ Russell W. Gray
                        **RUSSELL W. GRAY**
                        Baker, Donelson, Bearman,
                           Caldwell & Berkowitz, Pc
                        1800 Republic Centre
                        633 Chestnut Street
                        Chattanooga, TN 37450
                        423-756-2010
                        rgray@bakerdonelson.com